KINNEY LAW, P.C.
CHRISTIANE C. KINNEY (SBN 199056)
D. BURGUNDY MORGAN (SBN 199962)
8023 Beverly Blvd., Suite 1568
Los Angeles, California 90048
Telephone: (310) 751-0354
E-mail: christiane@ckinneylaw.com
E-mail: burgundy@ckinneylaw.com

Attorneys for Plaintiff
SHAHIN KHAZEY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHIN KHAZEY,<br><br>Plaintiff,<br><br>vs.<br><br>DYLAN GRANGER, a/k/a "CASSIE MILLZ" a/k/a "CASSIE MILLZZ"; and DOES 1 to 35, inclusive,<br><br>Defendants. | Case No. 5:26-cv-6085<br><br>**COMPLAINT**<br><br>**1. COPYRIGHT INFRINGEMENT [17 U.S.C. § 501]**<br><br>**2. FEDERAL FALSE DESIGNATION OF ORIGIN / FALSE ASSOCIATION [Lanham Act, 15 U.S.C. § 1125(a)]**<br><br>**3. STATUTORYMISAPPROPRIATION OF PUBLICITY [Civil Code § 3344]**<br><br>**4. COMMON LAW MISAPPROPRIATION OF PUBLICITY**<br><br>**5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br><br>**6. COMMON LAW FALSE LIGHT**<br><br>**7. COMMON LAW UNFAIR COMPETITION / PASSING OFF**<br><br>**8. CALIFORNIA UNFAIR COMPETITION [Cal. Bus. & Prof. Code § 17200]**<br><br>**AND DEMAND FOR JURY TRIAL** |

NOW COMES the Plaintiff, SHAHIN KHAZEY, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. The within action is brought under, *inter alia,* the Copyright Act, 17 U.S.C. § 501, and the Lanham Act, 15 U.S.C. §§ 1051, et seq., and presents a Federal question.

2. This court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 101 et seq., and 28 U.S.C. §§ 1331, 1332, 1338 and 1367. Venue in this district is proper pursuant to 28 U.S.C. §§ 1391 and 1400(a) because Defendants, upon information and belief, maintain their principal residence within Los Angeles County, and a substantial part of the events and omissions giving rise to the claims herein occurred in this district or there is no district where the action may otherwise be brought, and at least one of the Defendants is subject to personal jurisdiction in this district at the time this action was commenced.

## PARTIES

3. Plaintiff SHAHIN KHAZEY ("Plaintiff") is a citizen of the United States maintaining his principal residence in Southern California. Plaintiff is the sole owner of the copyright registered under number PAu 4-309-110 on June 8, 2026 titled "Shawn KZ Gym Video".

4. Defendant DYLAN GRANGER, a/k/a "CASSIE MILLZ" a/k/a "CASSIE MILLZZ" ("Defendant") is an individual who maintains, and who at all

times hereto relevant has maintained, a principal residence within the County of Los Angeles, California.

**FICTITIOUSLY NAMED DEFENDANTS**

5. Plaintiff is currently unaware of the true names and capacities of the Defendants named herein as DOES 1 through 35, inclusive, or has insufficient evidence, prior to discovery, to fulfill the obligations imposed by Rule 11 of the Federal Rules of Civil Procedure in respect to individuals and entities known to Plaintiff, wherefore Plaintiff sues such Defendants by said fictitious names. Plaintiff is informed and believes, and thereon alleges, that Does 1 through 35, inclusive, include persons and entities who knew or had reason to know of the infringing conduct alleged herein and who nevertheless participated in, facilitated, induced, enabled, materially contributed to, controlled, profited from, or otherwise benefited from that conduct. Plaintiff will amend this Complaint to allege the true names, capacities, roles, and legal responsibility of such Doe Defendants when ascertained through further investigation and discovery.

**GENERAL ALLEGATIONS OF AGENCY AND ALTER EGO**

6. Plaintiff is informed and believes, and on that basis alleges, that each Defendant was the officer, agent, or employee, of one or more of the named Defendants herein, acting within the course and scope of such relationship and in active concert or participation with one or more of the remaining Defendants. In committing the acts alleged in this Complaint, including the distribution,

reproduction, and public display of Plaintiff's copyrighted audiovisual work described in Paragraph 10 below ("Gym Video"), each Defendant acted within the course and scope of that agency, employment, partnership, or venture, and with the knowledge, consent, authorization, or ratification of each of the other Defendants.

7. Plaintiff is further informed and believes, and on that basis alleges, that one or more Doe Defendants operating under the name "Cassie Millz" was and is, or was created, and is maintained and operated as, an alter ego of and for the benefit of Defendant Dylan Granger, and that there existed, and at all relevant times, such a unity of interest and ownership between them that the separate personalities of "Cassie Millz" and Dylan Granger do not in reality exist. Upon information and belief, one or more Doe Defendants were used as a repository and conduit for Defendant Dylan Granger's personal assets, which were commingled with the personal affairs and assets of Defendant Dylan Granger so as to negate any legal fiction of separate identity or capacity, and to eliminate any shield with respect to Defendant Dylan Granger's personal liability based on such legal fiction.

8. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times Defendant owned, operated, and exercised sole control over the Instagram account with the username @Cassiexmillzz ("Instagram Account"), a Tik Tok account with the username @cassiexmillz ("Primary TikTok Account"), a separate Tik Tok Account with the username @cassiexxmillz ("Secondary TikTok Account") (collectively, the "Tik Tok Accounts"), and a YouTube Shorts account

with the username, @cassie.millzz ("YouTube Account"), and personally selected posted, and monetized the content that appears on them, including the Gym Video. Plaintiff is further informed and believes, and on that basis alleges, that Defendant also owns and operates an account on the subscription platform OnlyFans, (together with Instagram, TikTok, and YouTube, the "Accounts"), to which Defendant directed viewers through a highlight link on the Gym Video posted on Defendant's comments section on or about May 28, 2026, and on which Defendant Granger posted and monetized the private OnlyFans account, and personally selected and posted the content that appears on it, including the Gym Video.

## GENERAL ALLEGATIONS OF MATERIAL FACT

### A. Plaintiff and the Gym Video

9. Plaintiff is a professional who owns and operates his own engineering company. Plaintiff also operates a fitness-focused Instagram account, @probably_shawn_, on which he publishes fitness-related content, including videos he films at the gym.

10. On or about April 5, 2026, Plaintiff first published a short video depicting himself performing bicep exercises at the gym (the "Gym Video") by posting it to his Instagram account. Plaintiff is the author and sole owner of the copyright in the Gym Video, which is registered with the United States Copyright Office under Registration No. PAu 4-309-110, effective June 8, 2026, within three months of its first publication. A true and correct copy of the certificate of

registration is attached as Exhibit A.

### B. Defendant Copied the Gym Video and Passed Plaintiff Off as Defendant Before a Gender Transformation.

11. Defendant is an online content creator and social media influencer. As of October 9, 2026, Defendant had more than one hundred and sixty-nine thousand followers on Instagram, over one hundred and nine thousand followers on her main TikTok account, over seven thousand followers on her secondary TikTok Account, and more than five thousand subscribers on her YouTube Account, for a combined following upwards of two hundred and ninety thousand people.

12. On May 28, 2026, without Plaintiff's knowledge or consent, Defendant copied the Gym Video, re-edited it into a short-form, vertical video ("Instagram Reel"), and posted the Instagram Reel to her Instagram Account. The Instagram Reel opens with footage from the Gym Video, reproduced in its entirety, overlaid with the caption, "Me before I became a girl." The Instagram Reel then cuts to a video of Defendant, captioned "Me now." The Instagram Reel thus falsely represented to viewers that the man depicted in the Gym Video was Defendant before Defendant's gender transition.

13. Defendant then posted the same video at least four more times across Defendant's other accounts (together with the Instagram Reel, the "Social Media Posts"):

a. On May 28, 2026 to the Secondary TikTok Account;

b. On May 29, 2026, to the Primary TikTok Account;

c. On May 30, 2026, again to the Secondary TikTok Account; and

d. On July 9, 2026, to the YouTube Account.

14. The Social Media Posts reached a massive audience. As of the date of this filing, they had collectively been viewed more than 3.3 million times, including:

a. Instagram Reel (May 28): 3.3 million views, 30,800 likes, 922 comments, and 83,900 reshares

b. Secondary TikTok Account (May 28): 12,300 views, 168 likes, 8 comments, 19 saves, and 24 shares;

c. Primary TikTok Account (May 29): 5,700 views, 219 likes, 6 comments, 21 saves, and 6 shares;

d. Secondary TikTok Account (May 30): 2,600 views, 40 likes, 1 comment, 7 saves, and 1 share; and

e. YouTube Account (July 9): 3,300 views, 79 likes, and 18 comments.

15. Plaintiff never authorized Defendant to copy, post, display, or otherwise use the Gym Video or Plaintiff's image or likeness, in any manner or for any purpose.

### C. Defendant Used the Gym Video to Drive Traffic to Defendant's Paid Adult Content Site on OnlyFans.

16. In or about May 2026, Defendant pinned a comment to the top of the Instagram Reel's comment section that read "Check my highlights" followed by a winking-face emoji. As of September 2, 2026, that comment had remained pinned for approximately ten weeks. Defendant's Instagram highlights contained a link to

Defendant's OnlyFans Account, a subscription platform through which Defendant sells adult content. Defendant thereby used the Gym Video, and Plaintiff's image and likeness, to direct the Instagram Reel's millions of viewers to Defendant's paid adult content site. Defendant also posted additional comments and Instagram stories connecting the Instagram Reel to Defendant's OnlyFans Account and directing the audience generated by the Gym Video to it.

17. Plaintiff is informed and believes, and on that basis alleges, that Defendant derived substantial revenue from the Social Media Posts, including through OnlyFans subscriptions and sales, and creator payments from Instagram, TikTok, and YouTube.

**D. Defendant Reaffirmed the False Representation When Given the Chance to Correct It.**

18. Some viewers questioned whether Defendant was in fact the man in the Gym Video. In response to one such comment on the Instagram Reel, which gave Defendant an opportunity to clarify that Plaintiff and Defendant are different people, Defendant replied, "nah it's me." Defendant thus knowingly and deliberately reinforced the false representation that Plaintiff was Defendant before Defendant's gender transition.

**E. Defendant Refused Plaintiff's Repeated Requests to Remove the Social Media Posts.**

19. On or about May 28, 2026, Plaintiff first learned of the Instagram Reel when a friend from Wisconsin sent it to him.

20. On May 30, 2026, Plaintiff sent Defendant a direct message on Instagram stating: "You're posting false defamatory information about me. Please take it down." On May 31, 2026, Defendant responded: "Bruhh it's viral though can I just tag you and make it clear in the comments?", referring to clarifying that Plaintiff and Defendant are not the same person. Defendant further wrote: "It's not defamatory. It's obvious we're not the same person."

21. Defendant thus privately acknowledged that Plaintiff and Defendant are different people. Defendant nonetheless kept the Instagram Reel posted because it was "viral," and after that exchange publicly told viewers that the man in the Gym Video was Defendant ("nah it's me"), as alleged in Paragraph 17 above.

22. On May 30, 2026 at 10:27 p.m., Plaintiff again asked Defendant, this time in the Instagram Reel's comment section, to remove it. Approximately twenty-five hours later, Plaintiff posted another comment: "this is the third time I am asking to take this false defamatory video of me down now."

23. Defendant responded to Plaintiff's third request by mocking it, replying: "How about I just pin your comment so you get some attention too."

24. Defendant did not remove the Instagram Reel or any of the other Social Media Posts. Instead, on or about June 1, 2026, Defendant blocked Plaintiff, and on July 9, 2026, after Plaintiff's repeated requests to delete the Social Media Posts, Defendant uploaded the same video to the YouTube Account.

25. On September 2, 2026, Plaintiff's counsel sent Defendant a cease-and-

desist letter demanding the immediate removal of the Social Media Posts and notifying Defendant that Plaintiff owns the copyright in the Gym Video, which is registered with the United States Copyright Office under Registration No. PAu 4-309-110, effective June 8, 2026.

**F. <u>The Social Media Posts Caused Confusion and Serious Harm to Plaintiff.</u>**

26. Defendant's false representation caused actual and widespread confusion about Plaintiff's identity. After the Social Media Posts went viral, with numerous re-shares and re-posts across various platforms, Plaintiff was contacted by friends, family members, acquaintances, and strangers from across the country asking whether Plaintiff was the person depicted in the Social Media Posts. Members of Plaintiff's gym approached Plaintiff, at times in groups, to ask the same question. Plaintiff has repeatedly been forced to explain that the Social Media Posts are false and that he has no connection to Defendant or Defendant's content.

27. The Social Media Posts also exposed Plaintiff to widespread public mockery and harassment. Viewers, believing Plaintiff to be the "before" version of Defendant, posted numerous comments directed at Plaintiff, including comments calling Plaintiff a "fag," telling Plaintiff to kill himself and to "execute [himself]," stating that Plaintiff should be dead, and calling Plaintiff mentally ill for having transitioned, causing Plaintiff to experience severe and extreme distress. Plaintiff did not invite, participate in, or bear any responsibility for the false narrative that provoked this harassment.

28. Numerous commenters also accused Plaintiff of using steroids. Plaintiff does not use, and has never used, steroids or any other illicit drugs, and these false accusations were also painful to Plaintiff.

29. As a direct and foreseeable result of the Social Media Posts, Plaintiff has suffered severe emotional distress and humiliation, including anxiety, sleeplessness, avoiding the gym or social settings for months. The distress has been so significant, that, beginning in June 2026, Plaintiff began attended weekly sessions with a licensed therapist to address the harm caused by the Social Media Posts, which have been discussed in every session since.

30. By using the Gym Video to promote Defendant's paid adult content, Defendant also falsely associated Plaintiff's image and identity with that content. That false association has damaged, and continues to threaten, Plaintiff's professional reputation and his standing with his firm's clients, prospective clients, and professional contacts, and with members of his community.

31. Wherefore, by the instant complaint, Plaintiff seeks, and is entitled to have, monetary and other relief, in equity and in law, as against the Defendants named herein, as more fully set forth hereinbelow:

## CLAIMS AND CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Copyright Infringement – 17 U.S.C. § 501

### Against All Defendants

32. Plaintiff refers to, realleges, and incorporates by reference Paragraphs 1 through 31 above as though fully set forth herein.

33. Plaintiff is the sole owner of the copyright in the Gym Video, which was registered with the United States Copyright Office under Registration No. PAu 4-309-110, effective as of June 8, 2026, as discussed above.

34. Defendant has infringed Plaintiff's exclusive rights in the Gym Video in violation of 17 U.S.C. § 501 by, among other things, reproducing, distributing, and publicly displaying the Gym Video, and preparing an unauthorized derivative work based upon it, without Plaintiff's authorization, license, or consent.

35. Without Plaintiff's authorization, Defendant copied the Gym Video in its entirety, re-edited it into the Instagram Reel and subsequently reproduced and distributed substantially identical versions of the Instagram Reel across Instagram, TikTok, and YouTube Shorts, as described above.

36. Defendant's use of the Gym Video was not authorized by Plaintiff. Plaintiff never granted Defendant a license or other permission to reproduce, distribute, publicly display, or otherwise use the Gym Video.

37. Defendant's unauthorized use of the Gym Video infringed Plaintiff's exclusive rights under 17 U.S.C. § 106, including Plaintiff's exclusive rights to reproduce the copyrighted work, to prepare derivative works based upon the copyrighted work, to distribute copies of the copyrighted work and to publicly display the copyrighted work.

38. Defendant's infringement has been, and continues to be, willful, intentional, purposeful, and in complete disregard of Plaintiff's rights.

39. Defendant continued to reproduce, distribute, and publicly display the Gym Video through the Social Media Posts despite Plaintiff's repeated requests that the posts be removed, including by uploading it to the YouTube Account on July 9, 2026, after those requests, continuing until Plaintiff's counsel's September 2, 2026, cease-and-desist letter.

40. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered and continues to suffer damages, including damages resulting from Defendant's unauthorized exploitation of the Gym Video.

41. Defendant knew, and knows, that she did not and does not possess a valid license or other written agreement with Plaintiff permitting any valid use of the Gym Video.

42. Pursuant to 17 U.S.C. § 504(a) and (b), Plaintiff is entitled to recover his actual damages and any additional profits of Defendant attributable to the infringement, as may be proven at trial. In the alternative, to the extent permitted by law, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), including enhanced statutory damages of up to $150,000 for willful infringement pursuant to 17 U.S.C. § 504(c)(2).

43. Plaintiff is also entitled to recover costs and, to the extent permitted by law, reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION

## False Designation of Origin/False Association

## (Lanham Act § 1125(a)(1)(A))

## Against All Defendants

44. Plaintiff refers to, re-alleges and incorporates Paragraphs 1 through 43 as though fully set forth herein.

45. Plaintiff has a commercial interest in his identity, image, likeness, and reputation, which he uses in connection with his fitness-focused Instagram account and his engineering firm. Defendant's false association has injured that commercial interest, including Plaintiff's professional reputation with clients, prospective clients, and professional contacts.

46. Defendant used Plaintiff's name, image, likeness, identifying footage in commerce by using portions of his Gym Video without permission in the Social Media Posts and disseminating those Social Media Posts through Instagram, TikTok, and YouTube to promote Defendant's social-media presence and commercial content.

47. In the Social Media Posts, Defendant falsely represented that Plaintiff was Defendant before her transition. Defendant therefore used Plaintiff's identity and likeness to create the false impression that Plaintiff was Defendant and was associated with Defendant's content and commercial activities.

48. Defendant's use of Plaintiff's identity and likeness was likely to cause,

and did cause, confusion and deception concerning Plaintiff's affiliation, connection, or association with Defendant and concerning Plaintiff's approval or endorsement of Defendant and her content.

49. Defendant’s false association was made in connection with Defendant’s commercial activities. The Social Media Posts generated substantial attention and engagement for Defendant's social-media accounts, and Defendant directed viewers to her commercial content by instructing them to “Check my highlights,” which directed viewers to her OnlyFans account.

50. Plaintiff did not sponsor, approve, endorse, authorize, or otherwise consent to Defendant’s use of his identity, image, or likeness, nor did Plaintiff have any affiliation, connection, or association with Defendant or her commercial activities.

51. Defendant’s conduct was knowing and willful. Pursuant to 15 U.S.C. 1117(a), Plaintiff is entitled to recover Defendant’s profits, Plaintiff’s damages, and the costs of this action, and, because this is an exceptional case, reasonable attorney’s fees.

## THIRD CAUSE OF ACTION

## Statutory Misappropriation of Publicity (Civil Code § 3344)

## Against All Defendants

52. Plaintiff refers to, realleges, and incorporates by reference Paragraphs.1 through 51 above as though fully set forth herein.

53. Defendant knowingly used Plaintiff's image and likeness by incorporating footage of Plaintiff from the Gym Video into the Social Media Posts and publicly disseminating that footage through Defendant's Instagram, TikTok, and YouTube accounts.

54. Plaintiff was readily identifiable in the Gym Video and the Social Media Posts because Plaintiff's face, body, and likeness are plainly visible and distinguishable in the footage used by Defendant.

55. Defendant's use of Plaintiff's image and likeness was without Plaintiff's knowledge or consent. Plaintiff did not authorize Defendant to use the Gym Video, or any portion of Plaintiff's image or likeness contained therein, for any purpose.

56. Defendant used Plaintiff's image and likeness for the purpose of advertising and soliciting purchases of Defendant's adult content and services, which are separate from the Gym Video itself. In connection with the Instagram Reel, Defendant pinned a comment directing viewers to "Check [her] highlights," which directed viewers to Defendant's OnlyFans account, and posted additional comments and Instagram stories directing the Instagram Reel's audience to that account. Defendant thereby used Plaintiff's image and likeness in direct connection with Defendant's efforts to direct viewers to her commercial content.

57. As a direct and proximate result of Defendant's unauthorized use of Plaintiff's image and likeness, Defendant obtained commercial benefits from the use,

including increased exposure and engagement associated with Defendant's social-media accounts and the solicitation of viewers to Defendant's OnlyFans page.

58. As a further direct and proximate result of Defendant's unauthorized use of Plaintiff's image and likeness, Plaintiff suffered damages, including injury to his right to control the commercial use and exploitation of his image and likeness, humiliation, and emotional distress, in an amount to be proven at trial. For example, after the Social Media Posts appeared, a client with whom Plaintiff had a contract worth approximately nine thousand dollars abruptly stopped responding to Plaintiff. When Plaintiff later ran into the client by chance and asked why he had cut off contact, the client said he had seen the Social Media Posts, did not wish to discuss it, and did not want "a child" as his engineer. As a result, Plaintiff lost the nine-thousand-dollar engagement.

59. Pursuant to California Civil Code § 3344(a), Plaintiff is entitled to recover the greater of $750 or the actual damages he suffered as a result of Defendant's unauthorized use, any profits from the unauthorized use that are attributable to it, punitive damages, and attorney's fees and costs.

**FOURTH CAUSE OF ACTION**

**Common Law Misappropriation of Publicity**

**Against All Defendants**

60. Plaintiff refers to, realleges, and incorporates by reference Paragraphs 1 through 59 above as though fully set forth herein.

61. Defendant, without Plaintiff's consent, appropriated Plaintiff's identity, image, and likeness by incorporating recognizable footage of Plaintiff from the Gym Video into the Social Media Posts and publicly disseminating that footage through Defendant's social-media accounts.

62. Defendant used Plaintiff's image and likeness to create and promote content concerning Defendant herself, including by representing that Plaintiff was Defendant before her gender transition and juxtaposing Plaintiff's image with Defendant's own image.

63. Defendant's use of Plaintiff's image and likeness was without Plaintiff's knowledge or consent. Plaintiff never authorized Defendant to use the Gym Video or Plaintiff's image or likeness in connection with Defendant's social-media content or for any other purpose.

64. Defendant's appropriation of Plaintiff's image and likeness was for Defendant's advantage because Defendant used Plaintiff's likeness to attract attention to and increase engagement with Defendant's social-media content. The Social Media Posts generated substantial views, likes, comments, and shares and directed viewers to Defendant's other social-media content, including Defendant's OnlyFans account.

65. Defendant's unauthorized appropriation of Plaintiff's identity, image, and likeness deprived Plaintiff of his right to control the use of his identity and likeness and, as a direct and proximate result, caused Plaintiff harm, including the

public misrepresentation of Plaintiff's identity, humiliation, and emotional distress, in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### Against All Defendants

66. Plaintiff refers to, realleges, and incorporates by reference Paragraphs 1 through 65 above as though fully set forth herein.

67. Defendant's conduct was extreme and outrageous. Defendant publicly used Plaintiff's image and likeness, without his knowledge or consent, to represent to millions of viewers that Plaintiff was Defendant before her transition, despite Defendant having no relationship with Plaintiff and despite Defendant's own private acknowledgement to Plaintiff that "it's obvious we're not the same person." Defendant's knowingly false representation resulted in numerous disparaging comments directed at Plaintiff, including slurs and statements that Plaintiff should kill himself, many of which appeared on Defendant's own posts. The outrageousness of Defendant's conduct was further demonstrated by Defendant's refusal to remove the Social Media Posts after Plaintiff courteously contacted Defendant and requested that the Social Media Posts be taken down, and by Defendant's mocking reply that she would "just pin [Plaintiff's] comment so [he] [gets] some attention too." Rather than correct the false representation and prevent further harm to Plaintiff, Defendant allowed the Social Media Posts to continue to spread and continued to use them to

direct viewers to her paid content. Defendant's conduct, taken as a whole, exceeded all reasonable bounds of decency.

68. Defendant knew, or reasonably should have known, that her conduct would cause Plaintiff to suffer emotional distress, or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress. Defendant nevertheless intentionally continued to publish and disseminate the Social Media Posts despite Plaintiff's repeated requests that the Social Media Posts be removed.

69. As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe emotional distress.

70. Defendant's conduct was a substantial factor in causing Plaintiff's severe emotional distress, in an amount to be proven at trial.

71. Defendant's conduct was intentional and carried out with malice, oppression, and/or fraud, thereby entitling Plaintiff to an award of punitive damages pursuant to California Civil Code § 3294.

## SIXTH CAUSE OF ACTION

### Common Law False Light

### Against All Defendants

72. Plaintiff refers to, realleges, and incorporates by reference Paragraphs 1 through 71 as though fully set forth herein.

73. Defendant publicly portrayed Plaintiff in a false light by using Plaintiff's image and likeness in the Social Media Posts and representing that

Plaintiff was Defendant before her gender transition, when Plaintiff and Defendant are in fact separate individuals.

74. As alleged hereinabove, the Social Media Posts caused actual confusion: viewers directed disparaging comments towards Plaintiff and asked whether Plaintiff and Defendant are really the same individual.

75. Defendant's false portrayal of Plaintiff would be highly offensive to a reasonable person because it publicly misrepresented Plaintiff's identity and personal history to millions of viewers, associated Plaintiff with the promotion of Defendant's adult content, and exposed Plaintiff to ridicule, slurs, and threats.

76. Defendant knew, or acted with reckless disregard for, the falsity of the representation. Defendant did not know Plaintiff and nevertheless represented Plaintiff as herself, and after privately acknowledging to Plaintiff that "it's obvious we're not the same person," Defendant publicly reaffirmed the false representation, stating, "nah, its me." Defendant further continued to publish the Social Media Posts after Plaintiff contacted her and requested that they be removed.

77. As a direct and proximate result of Defendant's conduct, Plaintiff suffered harm, including emotional distress, humiliation, and injury to his personal and professional reputation, in an amount to be proven at trial.

**SEVENTH CAUSE OF ACTION**

**Common Law Unfair Competition / Passing Off**

**Against All Defendants**

78. Plaintiff refers to, realleges, and incorporates by reference Paragraphs 1 through 77 as though fully set forth herein.

79. Plaintiff invested his own time, effort, skill, and resources in creating the Gym Video. Without Plaintiff's knowledge, authorization, or consent, Defendant appropriated the Gym Video and incorporated Plaintiff's recognizable image and likeness into the Social Media Posts for Defendant's own benefit.

80. Defendant falsely represented that Plaintiff was Defendant before her transition, thereby creating a likelihood of confusion concerning the identity, source, and affiliation of the person depicted in the Gym Video. The resulting confusion was actual, as viewers believed Plaintiff and Defendant were the same person and directed comments and reactions toward Plaintiff based on that false representation.

81. Defendant used the false representation to attract attention and engagement to her social-media accounts and content (over 3.3 million views on Instagram), including by directing viewers to her commercial content through the instruction to "Check my highlights," which directed viewers to her OnlyFans account.

82. Defendant's unauthorized appropriation and misrepresentation caused Plaintiff injury in the forms of public misidentification, humiliation, emotional distress, and loss of control over the use of his identity and likeness.

## EIGHTH CAUSE OF ACTION

### California Unfair Competition (Cal. Bus. & Prof. Code § 17200)

**Against All Defendants**

83. Plaintiff refers to, realleges, and incorporates by reference Paragraphs 1 through 82 as though fully set forth herein.

84. Defendant engaged in unfair and fraudulent business practices by misappropriating Plaintiff's image and likeness without consent, falsely representing Plaintiff as Defendant, and using that misrepresentation to promote Defendant's social-media presence and commercial content, which is Defendant's primary occupation.

85. Defendant's conduct also constitutes unlawful business practices because it violated, among other laws, California Civil Code § 3344 and California's common-law protections of identity and likeness.

86. As a direct and proximate result of Defendant's unfair competition, Plaintiff suffered injury in fact and lost money or property in an amount of to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For actual and/or statutory damages available under applicable law, including the Copyright Act;

2. For Defendant's profits and other monetary relief available under the Lanham Act and other applicable law;

3. For compensatory damages according to proof;

4. For enhanced damages and profits based on willful infringement;

5. For attorneys' fees and costs under 17 U.S.C. § 505, 15 U.S.C. § 1117(a), and Civil Code § 3344, and as otherwise permitted by law;

6. For pre-judgment and post-judgment interest; and

7. For such other and further relief as the Court deems just and proper.

Dated: October 15, 2026

KINNEY LAW, P.C.

By: /Christiane Kinney
Christiane C. Kinney
Attorneys for Plaintiff
SHAHIN KHAZEY

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in the within action upon all causes of action for which trial by jury is authorized by law.

Dated: October 15, 2026 KINNEY LAW, P.C.

By: /Christiane Kinney
Christiane C. Kinney
Attorneys for Plaintiff
SHAHIN KHAZEY